IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| WALTER E. ROBINSON, | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | CIVIL NO.: WDQ-14-2092 |
| CAROLYN W. COLVIN, | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION

Walter E. Robinson, *pro se*, sued Carolyn W. Colvin, the Commissioner of the Social Security Administration, for employment discrimination. Pending is Colvin's motion to dismiss. No hearing is necessary. Local Rule 105.6 (D. Md. 2014). For the following reasons, the motion will be granted.

I. Background[1]

At all times relevant to the complaint, Robinson, an African-American male born in 1951, was an Information Technology Analyst in the Medicare Subsidy Branch of the Office of Retirement and Survivors Insurance Systems ("ORSIS") in the

---

[1] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Social Security Administration ("SSA"). ECF No. 1-1 at 3. Robinson alleges that on December 29, 2010 and January 31, 2011, he was not selected for positions within the SSA because of his race, age, and gender in violation of Title VII of the Civil Rights Act of 1964[2] and the Age Discrimination in Employment Act of 1967 ("ADEA").[3] ECF No. 1 at 2-3. Robinson asserts that he "applied and was found qualified for the positions," but members not of his protected class were chosen. *Id.* at 4.

In May 2011, Robinson filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that he had been discriminated against on the basis of his race, gender, and age. ECF No. 11-4 at 1-2. In August 2011, Robinson requested an EEOC hearing. ECF No. 11-5. On October 24, 2011, the matter was assigned to Administrative Judge Laurence Gallagher. ECF No. 11-6. In November 2011, the agency initiated discovery. ECF No. 11-7.

Initial discovery responses for the hearing were due on December 22, 2011. ECF No. 11-8 at 1-2. Robinson, however, missed the deadline and did not submit his responses until January 6, 2012. *Id.* Robinson's submissions were also incomplete, responding to only nine of the SSA's 29

---

[2] 42 U.S.C. § 2000e, *et seq.*

[3] 29 U.S.C. §§ 621, *et seq.*

interrogatories. *Id.* at 2-8. Robinson's "responses to numerous requests for documents and admissions were similarly deficient." *Id.* Because of these deficiencies, on January 17, 2012, SSA counsel "was forced to cancel [Robinson's] deposition." *See* ECF No. 11-9. On January 19, 2012, SSA counsel contacted Judge Gallagher "to request a conference call to discuss extending the agency's discovery deadline beyond January 29, 2012 since the agency did not yet have full and complete discovery responses from [Robinson]." ECF No. 11-10 at 2. Judge Gallagher provided possible dates and times for a teleconference, and SSA counsel immediately contacted Robinson by email. *Id.* Counsel also attempted to contact Robinson by phone. *Id.*. Although Counsel received notice from the system that Robinson had "read" the email, Robinson never contacted counsel to schedule the teleconference. *Id.* Instead, Robinson emailed a 123-page document supplementing his prior responses. *Id.* at 3. The supplement, however, was still deficient. *See id.* In light of the delays, Judge Gallagher extended the discovery deadline to February 29, 2012. *See id.*

On February 27, 2012, Judge Gallagher ordered Robinson to provide complete discovery responses. ECF No. 11-12. On March 7, 2012, Robinson did not appear for a deposition. ECF No. 11-13 at 3. On March 27, 2012, Judge Gallagher issued an Order of Dismissal. ECF No. 11-14. Judge Gallagher cites Robinson's

"continuing failure to respond to [his] verbal orders and [the motion to compel]." Id. at 1. Judge Gallagher remanded the matter "to the Agency for the issuance of decision on the merits of the complaint in accordance with 29 C.F.R. Section 1614.110(b)." Id. at 2.

On April 11, 2012, the SSA issued a Final Agency Decision ("FAD").[4] ECF No. 1-1. The FAD informed Robinson that his claims of race and gender discrimination had been bifurcated and were ongoing. See id. at 1 n.1. Thus, the FAD only addressed Robinson's age discrimination claim. Id.

In the FAD, the agency detailed how Robinson was not selected for an IT Specialist position in December 2011. ECF No. 1-1 at 2. Robinson was a candidate on the Best Qualified List for the position. Id. The selecting official for the position, John Simermeyer, asked the recommending official, Ann Nicodemus, for her recommendation of the best candidate from the Best Qualified List based on those with whom she had worked in the past. Id. Simermeyer and Nicodemus determined that Peter Lee, who was Robinson's age, was the best qualified candidate based on his qualifications and his past work with Nicodemus. See id. No interviews were conducted, and Nicodemus had never worked with Robinson. Id.

---

[4] Robinson attached the FAD to the complaint. ECF No. 1-1. Accordingly, the Court may consider it on a motion to dismiss.

In January 2012, Robinson was not selected for another IT Specialist position. ECF No. 1-1 at 4. According to the FAD, two persons were selected for the position: Elizabeth Jarvis (born in 1956) and Patti Taylor (born in 1957). *Id.* Simermeyer testified that none of the applicants was interviewed and, "based on recommendations and discussions with Ms. Nicodemus," he viewed Taylor and Jarvis as the most qualified applicants. *Id.* Jarvis and Taylor had experience in Operations and Systems; Robinson did not. *Id.* Jarvis and Taylor were recommended by Ryland Davis because he had worked with them in the past. *Id.* Davis never worked with Robinson and was not familiar with his qualifications, so Davis did not recommend him. *Id.*

In reviewing the allegations, the FAD stated that "[a]lthough [Robinson's] qualifications were well-suited for either position, so were the qualifications of the selectees." ECF No. 1-1 at 7. "Mr. Lee was ranked higher than [Robinson] on the Certificate of Eligibles. Ms. Jarvis was also ranked higher than [Robinson]; Ms. Taylor was ranked just under him." *Id.* Although the FAD reflected concern that the selection processes did not follow established procedures and were "based solely upon [] past experience with the recommended candidates," it was concluded that "[n]o inference can be drawn from [the] evidence that Mr. Simermeyer, Ms. Nicodemus or Mr. Davis discriminated against [Robinson] based on age." *Id.* at 8.

5

On June 30, 2014, Robinson, *pro se*, filed a federal suit against the Commissioner of the SSA for employment discrimination on the basis of gender, race, and age. ECF No. 1. Robinson used the Court's form "Complaint for Employment Discrimination" and included general allegations that he was a member of a protected class, and that on December 29, 2010 and January 31, 2011, members not of the protected class were selected for positions for which Robinson was qualified. ECF No. 1 at 2-3. Robinson alleged that "[t]he agency did not establish a legitimate, nondiscriminatory reason for its action. The agency [] discriminated against the complainant based on unlawful reasons." *Id.* Other than the two dates, Robinson did not include any specific facts about the positions for which he applied, how the candidates were selected, or who was chosen. *See id.* at 2-4.

On November 17, 2014, Colvin moved to dismiss, or, in the alternative, for summary judgment. ECF No. 11. On November 18, 2014, the Clerk mailed Robinson a Rule 12/56 letter informing him of the consequences of the motion to dismiss and summary judgment motion. ECF No. 12. Robinson failed to respond to the motion.[5]

---

[5] No action has been taken by Robinson in this case since he obtained a summons for Colvin in August 2014.

## II. Analysis

### A. Legal Standard

#### 1. Subject Matter Jurisdiction

Under Fed. R. Civ. P. 12(b)(1), the Court must dismiss an action if it discovers it lacks subject matter jurisdiction. The plaintiff has the burden of proving that the Court has jurisdiction, and the Court must make all reasonable inferences in the plaintiff's favor. *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). The Court may "look beyond the pleadings" to decide whether it has subject matter jurisdiction, but it must presume that the factual allegations in the complaint are true. *Id*.

#### 2. Failure to State a Claim

Under Fed. R. Civ. P. 12(b)(6), an action can be dismissed for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff

must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

B. Colvin's Motion to Dismiss

Colvin asserts that the complaint must be dismissed because Robinson failed to exhaust his administrative remedies. ECF No. 11-1 at 14. Further, Colvin asserts that, even if Robinson exhausted administrative remedies, the complaint fails to state a claim for which relief can be granted. *Id.* at 18.

Before suing under Title VII or the ADEA, a plaintiff must exhaust his administrative remedies by filing an EEOC charge. *See* 42 U.S.C. § 2000e-5(f)(1); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000). A failure to exhaust administrative remedies deprives federal courts of subject matter jurisdiction over the claim. *Id.* (*citing Davis v. North Carolina Dep't of Correction*, 48 F.3d 134, 138-40 (4th Cir. 1995)). The allegations filed with the EEOC define the scope of any subsequent civil claims. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962-63 (4th Cir. 1996). "Only those discrimination claims stated in the initial charge, those reasonably related in the original complaint, and those developed by reasonable investigation of the original complaint" may serve as predicates for a Title VII suit. *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 300 (4th Cir. 2008) (internal quotation marks omitted). A plaintiff's allegations of "a discrete act or acts" in an EEOC charge are "insufficient when the plaintiff subsequently alleges a broader pattern of misconduct." *Chacko v. Patuxent Inst.*, 429 F.3d 505, 509 (4th Cir. 2005).

Although Robinson filed a complaint with the EEOC and received an FAD, the Fourth Circuit has held that non-participation in the EEOC process can negate filing an EEOC complaint. In *Woodward v. Lehman*, 717 F.2d 909, 911-12 (4th

Cir. 1983), the plaintiffs sued the Navy for disparate treatment under Title VII. Before the federal suit, the plaintiffs filed administrative complaints. *Id.* During the administrative process, the Commanding Officer "requested the plaintiffs to provide written statements with specific illustrations of the alleged discrimination and a specific statement of the corrective action required." *Id.* The plaintiffs refused to provide the information. *Id.* "Following this refusal . . . , the Commanding Officer cancelled the charges for a failure to . . . comply with [the] request for specification." *Id.*

In the federal case, the defendant moved to dismiss for failure to exhaust administrative remedies. *Id.* The district court denied the motion because the plaintiffs displayed a "willingness to cooperate in the investigation" as a whole. *Id.* The Fourth Circuit found that the district court's reasoning was "manifestly incorrect." *Id.* at 914. "When the plaintiffs refused to provide such information and thereby frustrated administrative review of the merits of their claims, the District Court should not have reached the merits of their claims but should have granted the defendant's motion to dismiss for failure to exhaust administrative remedies." *Id.* at 914.

In *Austin v. Winter*, 286 Fed. App'x 31, 35-36 (4th Cir. 2008) (per curiam), the plaintiff filed an EEOC complaint, but did not attend a fact-finding conference. She contacted the

agency and stated that, although "she was not dropping the complaint, she would not participate in the fact-finding conference . . . ." *Id*. The plaintiff was notified that she had 15 days to notify the agency of her intentions regarding the EEOC complaint or the complaint would be dismissed. *Id*. The plaintiff failed to respond, and the complaint was dismissed. *Id*. The district court dismissed for failure to exhaust administrative remedies, and the Fourth Circuit found

> Though Appellant began the administrative process, this process was not complete until Appellant fully participated in all required aspects of the investigation and the Navy reached a final decision on her claim. Otherwise, *the administrative process would be blunted if the employee could bypass the employer by not cooperating.*

*Id*. at 36 (emphasis added) (internal quotation and citation omitted).

Similarly, in *Alston v. Astrue*, No. L-10-3446, 2012 WL 665982, at *1-2 (D. Md. Feb. 28, 2012), the plaintiff failed to meet discovery deadlines and failed to appear at a scheduled hearing. The administrative judge "determined that [the plaintiff] offered no legitimate reason for her absence and dismissed the matter with prejudice." *Id*. The plaintiff's subsequent federal suit was dismissed for failure to exhaust administrative remedies because her case "before the EEOC was never concluded." *Id*. at 5.

In this case, Robinson has not exhausted administrative remedies for any of his claims. First, Robinson has not received a final agency determination for his race and gender claims. He was informed that those claims had been bifurcated and were still under investigation. Second, to the extent that Robinson has a final agency determination for his age discrimination claim, Robinson never fully participated in the EEOC process. Robinson received multiple opportunities to provide proper discovery and was ordered to submit complete discovery responses by Judge Gallagher. Robinson failed to comply. Further, Robinson failed to appear for a scheduled deposition. In light of these deficiencies, Judge Gallagher was forced to dismiss Robinson's EEOC complaint. These facts are similar to the facts in *Austin* and *Alston* in which the court found a failure to exhaust administrative remedies.

The Court finds that Robinson failed to participate in the EEOC process and did not exhaust administrative remedies. Accordingly, the complaint must be dismissed for lack of subject matter jurisdiction.[6]

---

[6] Because the Court lacks subject matter jurisdiction, there is no need to analyze the merits of the complaint under Rule 12(b)(6). However, even if Robinson's claim for age discrimination were properly before this Court, the Court would be forced to dismiss the complaint for failure to state a claim. The FAD which Robinson attached to the complaint, establishes non-discriminatory reasons for the SSA's hiring decision which Robinson has made no attempt to rebut. *Tex. Dep't of Cmty.*

12

III. Conclusion

For the reasons stated above, Colvin's motion to dismiss will be granted.

_7/14/15_  
Date

_[signature]_  
William D. Quarles, Jr.  
United States District Judge

---

Affairs v. Burdine, 450 U.S. 248, 255 (1981). Although the Court may not agree with the process used by the SSA in selecting the positions, this Court does not "sit as a kind of super-personnel department weighing the prudence of [the State Defendants'] decisions." *DeJarnette v. Corning, Inc.*, 133 F. 3d 293,299 (4th Cir. 1998) (internal quotation marks omitted).